This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39977**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JUAN NAVARRO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** A jury convicted Defendant Juan Navarro of four counts of second-degree criminal sexual contact of a minor (CSCM), in violation of NMSA 1978, Section 30-9-13(B)(1) (2003), and one count of false imprisonment, in violation of NMSA 1978, Section 30-4-3 (1963). Defendant appeals and argues that his convictions for false imprisonment and CSCM violate double jeopardy. Because we conclude that there are "sufficient facts in the record [to] support distinct conduct," which defeats the double

jeopardy claim, *see State v. Phillips*, ___-NMSC-___, ¶ 41, ___ P.3d ___ (S-1-SC-38910, Mar. 4, 2024) (internal quotation marks and citation omitted), we affirm.

**DISCUSSION**

**{2}**     Because this is a memorandum opinion prepared for the benefit of the parties, we provide only those facts that are necessary to resolve the issues raised on appeal. Defendant's convictions arise from Defendant's sexual assault of a minor (Victim). At trial, Victim testified that when she was eight or nine years old, Defendant touched her intimate parts at least nine times on four different days. Because this appeal only concerns the events related to the second day of abuse described by Victim at trial, we limit our review to those facts. As to that day, Victim testified to abusive sexual conduct that occurred in two different locations of Defendant's home: Defendant's acts of sexual contact in the living room and later in a bedroom that involved sexual contact and physical restraint.

**{3}**     Defendant characterizes this appeal as involving a double jeopardy double description issue and contends that the "convictions for CSCM and false imprisonment arose from different statutes but were based on a single course of conduct" and that the CSCM subsumed the elements of false imprisonment. *See* U.S. Const. amend. V; N.M. Const. art. II, § 15. To establish a double description claim, a defendant must show that "a single course of conduct results in multiple charges under separate criminal statutes, [so that] one of the charges may be barred by double jeopardy." *State v. Lorenzo*, 2024-NMSC-003, ¶ 5, ___ P.3d ___. We review double description claims de novo and examine first "whether the conduct underlying the . . . offenses is unitary." *Id.* (internal quotation marks and citation omitted). If it is, we then determine "whether the Legislature intended for the unitary conduct to be punished as separate offenses." *Id.* If the conduct is not unitary, however, double jeopardy does not apply and "the analysis is complete." *Id.*; *see State v. Silvas*, 2015-NMSC-006, ¶ 9, 343 P.3d 616. We conclude that Defendant's conduct was not unitary and therefore, we need not to address Defendant's arguments related to legislative intent.

**{4}**     Defendant contends that the conduct was unitary because only the bedroom, and not the living room, conduct should be considered to be relevant to the analysis. As a result, Defendant contends that "[a] double jeopardy problem arises because one of the acts of sexual contact occurred at the same time as the false imprisonment." To support this position, Defendant focuses on the "*Foster* presumption" named for the analysis set out in *State v. Foster*, 1999-NMSC-007, ¶ 28, 126 N.M. 646, 974 P.2d 140, *abrogated on other grounds as recognized in Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683. In *Foster*, our Supreme Court held that "we must presume that a conviction under a general verdict requires reversal if the jury is instructed on an alternative basis for the conviction that would result in double jeopardy, and the record does not disclose whether the jury relied on this legally inadequate alternative." *Id.* Defendant acknowledges that the *Foster* presumption does not apply under the present circumstances, because the jury was not instructed on an alternative basis. Nevertheless, Defendant asks this Court to extend the *Foster* presumption to the

present case and presume that the jury convicted Defendant for CSCM and false imprisonment based only on the conduct in the bedroom, without reference to the conduct in the living room. Such a presumption is justified, Defendant contends, because the jury instructions for each of the four CSCM counts were identical and the jury "was not told which facts the State was using to prove each count," resulting in a "strong concern that double jeopardy was violated." As we explain, we decline Defendant's invitation to extend the *Foster* presumption under these circumstances.

**{5}** Our Supreme Court has explained that when the *Foster* presumption is used to presume the jury relied on an alternative that would violate double jeopardy, a further presumption is not required "that the same conduct was then relied upon by the jury in convicting [a d]efendant of each crime—particularly when the record indicates [multiple] distinct [crimes] were committed" and the conduct was therefore not unitary. *State v. Sena*, 2020-NMSC-011, ¶¶ 54, 56, 470 P.3d 227. In the present case, the jury instructions for CSCM and false imprisonment did not present any alternatives to the jury and further did not limit or specify the evidence the jury could consider to any specific facts. *See State v. Franco*, 2005-NMSC-013, ¶ 8, 137 N.M. 447, 112 P.3d 1104. Thus, we need not presume that the jury relied only on the conduct in the bedroom to find that Defendant committed both CSCM and false imprisonment. We turn to consider whether the record indicates unitary conduct or that two separate crimes were committed—a CSCM and a false imprisonment—based on all of the evidence of Defendant's actions on the second day.

**{6}** A defendant's conduct is not unitary if "sufficient indicia of distinctness separate the illegal acts" so that the "defendant does not face conviction and punishment for the same factual event." *Sena*, 2020-NMSC-011, ¶ 46 (internal quotation marks and citation omitted). To determine whether sufficient indicia of distinctness exist, courts first examine whether the acts were adequately "separated by either time or space," and then, if needed, they refer to the "quality and nature of the acts or to the objects and results involved," considering "the elements of the charged offenses, the facts presented at trial, and the instructions given to the jury." *Id.* (internal quotation marks and citations omitted); *see Phillips*, ___-NMSC-___, ¶¶ 12-38 (discussing factors used by courts for the unitary conduct analysis). If it can reasonably "be said that the conduct is unitary, then we must conclude that the conduct was unitary." *Phillips*, ___-NMSC-___, ¶ 12 (text only) (citation omitted).

**{7}** Defendant's acts in the living room and the bedroom were separated by time and space. At trial, Victim testified that on the second day of abuse, Defendant sexually assaulted her twice. The first assault occurred in the living room and lasted for a few minutes. The second set of events occurred in Defendant's bedroom. Victim testified that after Defendant sexually assaulted her in the living room she put her clothes back on, walked from the living room to Defendant's bedroom, and once in the bedroom she sat down on the floor and started to put on her shoes in preparation to leave the house. Victim testified that Defendant then followed her to the bedroom, pushed and held her down with one hand against her shoulder, which prevented her from getting up and

leaving the room, and sexually assaulted her for a second time. This later attack also lasted for a few minutes.

**{8}** Defendant's conduct in the living room is sufficiently distinct from the conduct in the bedroom such that there was sufficient temporal and "physical distance between the places where the acts occurred." *See Sena*, 2020-NMSC-011, ¶ 46 (text only) (citation omitted). Defendant committed two discrete acts separated by sufficient indicia of distinctness: one discrete act that would violate the CSCM statute as instructed and one discrete act that would violate the false imprisonment statute as instructed. *See Franco*, 2005-NMSC-013, ¶ 9 (relying on the elements stated in the instructions and the evidence to identify "an independent factual basis" for each one of the charged acts). Under these circumstances, an independent factual basis existed to support convictions for CSCM with respect to the events in the living room and for false imprisonment with respect to the later events in Defendant's bedroom. *See id.* As a result, we conclude that Defendant's conduct was not unitary, and therefore, Defendant's convictions do not violate double jeopardy. *See Lorenzo*, 2024-NMSC-003, ¶ 5.

**CONCLUSION**

**{9}** We affirm the district court.

**{10}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**